Mark S. Bostick (Bar No. 111241)
Lisa Lenherr (Bar No. 258091)
**WENDEL ROSEN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: mbostick@wendel.com
Email: llenherr@wendel.com

Attorneys for Lois I. Brady, Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>FAIRN & SWANSON, INC.,<br><br>Debtor. | Case No. 20-40990-RLE<br><br>Chapter 7<br><br>**TRUSTEE'S MOTION TO EXTEND TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL PROPERTY** |

LOIS I. BRADY, Chapter 7 Trustee ("Trustee") for the above-captioned bankruptcy estate respectfully moves this Court for entry of an order extending the time to assume or reject executory contracts and unexpired leases of personal property, as follows:

**I.     STATEMENT OF FACTS**

1)    On June 2, 2020 (the "Petition Date"), Fairn & Swanson, Inc. ("Debtor") filed a voluntary petition (the "Petition") under Chapter 7 of the United States Bankruptcy Code.[1] (Docket No. 1.) Lois I. Brady is the duly appointed Chapter 7 trustee in this case.

---
[1] 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2) Debtor owns and operated ten (10) duty-free border stores in Texas, California, and Arizona. (Decl. Brady ¶ 4[2]; *see also* Docket No. 1, p. 5, filed June 2, 2020 (list of locations).) In addition to the border stores, it maintains three (3) wholesale bonded warehouses and two (2) bonded distribution warehouses in Washington, California, and Florida. (Decl. Brady ¶ 4.) In addition to the foregoing, Debtor maintained an office in San Ysidro, California. (Decl. Brady ¶ 4.)

3) Debtor's Amended Schedules reflect that on the Petition Date its assets had a value of $42,860,268.19; of that amount the inventory had an estimated value of $39,110,570.01. (Docket No. 37, filed July 2, 2020.)

## II. DEADLINE TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL PROPERTY SHOULD BE EXTENDED FOR CAUSE

The deadline to assume or reject executory contracts and unexpired leases of personal property of the debtor is within sixty (60) days after the Petition Date (*i.e.,* in this case, August 1, 2020), or within such additional time as the court, for cause, fixes. 11 U.S.C. § 365(d)(1). The request for an extension must be filed within sixty (60) days after the Petition Date. *In re Southwest Aircraft Services, Inc.*, 831 F.2d 848, 853 (9th Cir. 1987) (interpreting pre-BAPCA 11 U.S.C. § 365(d)(4)); *see also In re Tompkins,* 95 B.R. 722, 724 (B.A.P. 9th Cir. 1989) ("motion for an extension of time [under 11 U.S.C. § 365(d)(1)] . . . must be made within the 60 day period" (*citing Southwest*)).

In this case, Debtor's Amended Schedule G (Executory Contracts and Unexpired Leases) lists fifty-four (54) executory contracts and unexpired leases. (Docket No. 37, filed July 2, 2020.) Although some items listed on Schedule G are leases for unexpired non-residential real property leases,[3] many pertain to purported executory contracts or unexpired leases of personal property. (Brady Decl. ¶ 5.) Trustee has not completed her investigation to verify whether all unexpired leases and executory contracts have been properly identified on Schedule G. (Brady Decl. ¶ 5.) All

---

[2] All references to the Declaration of Lois I. Brady shall be referred to as (Decl. Brady ¶ ___).

[3] Trustee's deadline to assume or reject unexpired leases for non-residential real property is 120 days after the order for relief. 11 U.S.C. § 365(d)(4).

Wendel Rosen LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

unexpired leases and executory contracts, whether listed or not, are property of the Debtor's bankruptcy estate. 11 U.S.C. § 541(a)(1). Trustee requires additional time to investigate and evaluate the executory contracts and unexpired leases of personal property.

Trustee is actively marketing the Debtor's assets for sale and anticipates that a sale will include assumption and assignment of some executory contracts and unexpired leases of personal property.[4] (Brady Decl. ¶ 6.) At this time, because her marketing and sale negotiation efforts are still underway, Trustee does not know which executory contracts and unexpired leases of personal property will be included in the asset sale. (Brady Decl. ¶ 7.) Therefore, Trustee requests a sixty (60) day extension of the sixty (60) day deadline to assume or reject all identified or unidentified executory contracts or unexpired leases of personal property. The extension will help facilitate a sale of the Debtor's assets which will, in turn, maximize a return for creditors. (Brady Decl. ¶ 7.) The facts alleged in this Motion constitute cause to extend the deadline.

### III. CONCLUSION

WHEREFORE the Trustee respectfully requests entry of an Order:

1. Granting the Motion;

2. Extending the deadline to assume or reject identified or unidentified executory contracts or unexpired leases of personal property from **August 1, 2020**, to and including **September 30, 2020**; and

3. For such other and further relief as the Court deems just and proper.

DATED: July 30, 2020     WENDEL ROSEN LLP

By: */s/ Lisa Lenherr*
Mark S. Bostick
Lisa Lenherr
Attorneys for Lois I. Brady, Trustee

---

[4] Any sale and assumption and assignment requests will be on notice and subject to Bankruptcy Court approval.