Mark S. Bostick (Bar No. 111241)
Elizabeth Berke-Dreyfuss (Bar No. 114651)
Lisa Lenherr (Bar No. 258091)
**WENDEL ROSEN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: mbostick@wendel.com
Email: edreyfuss@wendel.com
Email: llenherr@wendel.com

Attorneys for Lois I. Brady, Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>FAIRN & SWANSON, INC.<br><br>Debtor. | Case No. 20-40990-RLE<br><br>Chapter 7<br><br>**EX PARTE APPLICATION FOR ORDER SHORTENING TIME AND LIMITING NOTICE OF HEARING ON MOTION FOR ORDER [1] APPROVING PRE-SALE STIPULATION, [2] AUTHORIZING CHAPTER 7 TRUSTEE TO INCUR POST-PETITION DEBT ON AN EMERGENCY BASIS, [3] AUTHORIZING CHAPTER 7 TRUSTEE TO PAY DEPOSIT TO SECURE CUSTODIAL SURETY BOND AND [4] APPROVING SECURED PARTY'S CARVE-OUT TO THE ESTATE** |

**TO: THE HONORABLE ROGER L. EFREMSKY, UNITED STATES BANKRUPTCY JUDGE AT OAKLAND, CALIFORNIA**

LOIS I. BRADY, Chapter 7 Trustee ("Trustee") for the above-captioned bankruptcy estate respectfully requests the entry of an order shortening time and limiting notice (the "Application") for a hearing on Trustee's Motion for Order (1) Approving pre-Sale Stipulation, (2) Authorizing Chapter 7 Trustee to Incur Post-Petition Debt on an Emergency Basis, (3) Authorizing Chapter 7

Trustee to Pay Deposit to Secure Custodial Surety Bond and (4) Approving Secured Party's Carve-Out to the Estate (the "Motion").

## I. BACKGROUND

1. Debtor owns and operated ten (10) duty-free border stores in Texas, California, and Arizona. (Decl. Brady ¶ 2[1]; *see also* Docket No. 1, p. 5, filed June 2, 2020 (list of locations).) In addition to the border stores, it maintains three (3) wholesale bonded warehouses and two (2) bonded distribution warehouses in Washington, California, Florida, and Texas. (Decl. Brady ¶ 2.) In addition to the foregoing, Debtor maintained an office in San Ysidro, California. (Decl. Brady ¶ 2.) Debtor estimates the inventory at these locations exceeds $39 million. ((Decl. Brady ¶ 2; *see also* Docket No. 1, p. 13, filed June 2, 2020.) Trustee is informed that all inventory is bonded and strictly controlled by United States Customs. (Decl. Brady ¶ 2.)

2. On June 2, 2020 (the "**Petition Date**"), Fairn & Swanson, Inc. ("**Debtor**") filed a voluntary petition (the "**Petition**") under Chapter 7 of the United States Bankruptcy Code.[2] (Docket No. 1.) Lois I. Brady is the duly appointed Chapter 7 Trustee in this case.

3. Wells Fargo Bank, National Association ("WFB") asserts a claim in the amount of not less than $19,081,233.82, secured by all of the Debtor's assets (the "**WFB Claim**"). (Claim No. 31, filed July 8, 2020.)

4. On or about June 25, 2020, Trustee and Lender entered into a stipulation (the "**Cash Collateral Stipulation**") for Trustee's use of cash collateral as that term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"). (Docket No. 17-1, pp. 2-171, filed June 26, 2020.) On July 23, 2020, the Court entered Final Order Granting Motion of Chapter 7 Trustee for Entry of Order: 1) Approving Cash Collateral Stipulation Pursuant to 11 U.S.C. § 363(b); and 2) Authorizing Trustee to Incur and Pay Certain Administrative Expenses (the "**Final Order**"). (Docket No. 59.)

---

[1] All references to the Declaration of Lois I. Brady shall be referred to as (Decl. Brady ¶ ___).
[2] 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

Wendel Rosen LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

002644.0031\5960803.1

APPLICATION TO SHORTEN TIME    2

Case: 20-40990    Doc# 81    Filed: 09/11/20    Entered: 09/11/20 12:59:41    Page 2 of 5

## II. REASON FOR SHORTENING TIME

### A. Payment of Cash Collateral for Bond Replacement and Execution of Related Indemnity.

Because the Debtor was engaged in the business of the importing and sale of duty-free alcohol merchandise, the Debtor, and now Trustee is subject to numerous Customs and Border Protection ("CBP") requirements, including a requirement to maintain a foreign trade zone ("FTZ") bond for all FTZ warehouse locations. (Decl. Brady ¶ 3.) The current FTZ bond is through American Alternative Insurance Corporation ("AA") (the "Bond") and is set to expire **September 20, 2020, at 11:59 p.m.** (Decl. Brady ¶ 4.) **Failure to renew or replace the Bond can result in immediate confiscation of the merchandise by CBP.** (Decl. Brady ¶ 4.) Trustee seeks to obtain a replacement bond in the amount of $500,000 from Argonaut Insurance Company ("Argonaut"). (Decl. Brady ¶ 5.) In order to issue the replacement bond, Argonaut requires a $500,000 cash deposit (the "Deposit") as collateral. (Decl. Brady ¶ 5.) In addition to the Deposit, Argonaut is requiring the Trustee execute a limited indemnity agreement. (Decl. Brady ¶ 5.) Although the Final Order, and subsequent budgets approved by WFB, allow for the payment of the Deposit, Trustee needs court authority to execute the limited indemnity agreement. In addition, Trustee seeks authorization to make such payment by regular check, cashiers' check or wire transfer. To timely remit the Deposit, Trustee requires an Order approving execution of the indemnity as early as possible prior to the September 20, 2020, expiration.

### B. Interim Approval of Financing Arrangements.

Trustee has insufficient funds to pay the Deposit along with other administrative expenses, including rents, security costs, insurance, and other expenses necessary to preserve and safeguard the assets. (Decl. Brady ¶ 6.) The Motion seeks approval of financing extended by WFB to enable Trustee to pay amounts approved under the Final Order, Budget, and subsequent budgets. On an emergency basis, Trustee requests authorization to obtain credit in the amount of $500,000 so that the Deposit may be timely paid along with the other necessary administrative expenses. (Decl. Brady ¶ 6.)

### C. Approval of Pre-Sale Stipulation to Ensure a Distribution to Unsecured Creditors.

Since the Petition Date, Trustee and WFB have diligently worked together to market Debtor's assets for sale and had anticipated a sale motion would be brought within the first sixty days of the case. (Decl. Brady ¶ 7.) However, due to the complexity of the assets, including regulatory customs issues, the sale process has taken longer than expected. (Decl. Brady ¶ 7.) Through the marketing and sale process Trustee and WFB have not yet received an offer for the assets that is likely to repay the WFB Claim ($19,081,233.82) in full. (Decl. Brady ¶ 7.) The United States Department of Justice, U.S. Trustee Program, *Handbook for Chapter 7 Trustees* ("**Handbook**"), provides that trustees should not administer assets that will not "result in a meaningful distribution to creditors or would redound primarily to the benefit of the trustee and professionals." (Handbook, Ch. 8, § D (Abandonments).) Despite the value of the Assets, WFB desires Trustee's assistance in facilitating a sale of the assets; in order to facilitate the sale, Trustee requires the continued use of Cash Collateral to preserve and liquidate the estate assets for payment, among other things, of the WFB Claim and administrative expense. (Decl. Brady ¶ 8.) In order to accomplish these tasks, Trustee and WFB have prepared a stipulation (the "Pre-Sale Stipulation") to ensure a distribution to unsecured creditors in the amount of $500,000. (Decl. Brady ¶ 8.) Trustee and Lender have identified several potential purchasers for the assets and anticipate that a sale motion will be filed within the next two (2) weeks. (Decl. Brady ¶ 9.) In light of the Handbook's requirement and the prohibition of selling assets without a benefit to unsecured creditors, Trustee seeks approval of the Pre-Sale Stipulation so that a return to unsecured creditors is safeguarded.

## III. PREVIOUS TIME MODIFICATIONS

There have been no previous time modifications or requests.

## IV. EFFECT OF THE REQUESTED TIME MODIFICATION ON THE SCHEDULE FOR THE CASE OR PROCEEDING

This is a Chapter 7 liquidation case. No hearings or status conferences have been set and this request should only serve to expedite the liquidation of the estate.

## V. AGREEMENT FROM WELLS FARGO BANK, NATIONAL ASSOCIATION

WFB has agreed to the request for hearing on shortened time. (Decl. Lenherr ¶ 2.)[3] There are no other secured creditors listed in the Schedules. (Docket No. 1, filed June 2, 2020.)

## VI. NOTICE, SERVICE AND PROPOSED SCHEDULE

Trustee proposes that the Motion and notice of the hearing be provided <u>via email</u>, to be sent on **September 11, 2020**, to the following:

    i. Debtor;

    ii. All creditors listed on the list of creditors holding the 20 largest unsecured claims;

    iii. The Office of the United States Trustee in Oakland, California;

    iv. Wells Fargo Bank, National Association; and

    v. Any party in interest who serves Trustee's counsel and files with the Clerk of the Court a request for special notice.

Any objections to the relief requested may be presented at the hearing.

## VII. CONCLUSION

WHEREFORE, for all of the foregoing reasons, Trustee respectfully requests that the Court issue an order limiting the parties to whom notice must be given and shortening the time for the notice of the hearing on the motions so that they will be heard as soon as possible on or before **September 16, 2020, at 2:00 p.m.**, and for such other relief the Court deems just and proper.

DATED: September 11, 2020    WENDEL ROSEN LLP

By:    */s/ Lisa Lenherr*
Mark S. Bostick
Lisa Lenherr
Attorneys for Lois I. Brady, Trustee

---

[3] All references to the Declaration of Lisa Lenherr shall be referred to as (Decl. Lenherr ¶ ___).