

The following constitutes the order of the Court.
Signed: October 29, 2020

_____
**Roger L. Efremsky**
**U.S. Bankruptcy Judge**

Mark S. Bostick (Bar No. 111241)
Lisa Lenherr (Bar No. 258091)
**WENDEL ROSEN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: mbostick@wendel.com
Email: llenherr@wendel.com
Attorneys for Lois I. Brady, Trustee

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 20-40990-RLE |
| FAIRN & SWANSON, INC. | Chapter 7 |
| Debtor. | **ORDER ON MOTION FOR ORDER (A) APPROVING SALE TO SUCCESSFUL BIDDER FREE AND CLEAR OF ALL LIENS AND INTERESTS; (B) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (C) FINDING SUCCESSFUL BIDDER IS A GOOD FAITH PURCHASER WITHIN THE MEANING OF 11 U.S.C. § 363(M); (D) APPROVING BACK-UP BIDDER (IF ANY); (E) AUTHORIZING AND APPROVING PAYMENTS FROM SALE PROCEEDS; (F) WAIVING ANY STAY OF ORDER; AND (G) OTHER RELATED RELIEF**<br><br>**LIENHOLDERS OR INTEREST HOLDERS:**<br>**WELLS FARGO BANK, N.A.; DIAGEO (DISPUTED); AND WHYTE & MACKEY (DISPUTED)**<br><br>Date: October 27, 2020<br>Time: 2:00 p.m. PT<br>Place: By video<br>Judge: The Hon. Roger L. Efremsky |

Wendel Rosen LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

A hearing on the Motion for Order (A) Approving Sale to Successful Bidder Free and Clear of All Liens and Interests; (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (c) Finding Successful Bidder is a Good Faith Purchaser Within the Meaning of 11 U.S.C. § 363(m); (d) Approving Back-Up Bidder (if any); (E) Authorizing and Approving Payments from Sale Proceeds; (F) Waiving any Stay of Order; and (G) Other Related Relief (the "Motion")[1], filed by Lois I. Brady, the duly appointed and acting Chapter 7 trustee ("Trustee") in the above-captioned Fairn & Swanson, Inc. ("Debtor") Chapter 7 bankruptcy case, was held before this Court on October 26 and 27, 2020 (the "Sale Hearing"); appearances were as noted on the record.

Having considered the Motion and all related pleadings, any opposition thereto, and the arguments of counsel,

THE COURT FINDS THAT:

A. Notice of the Motion was proper and adequate.

B. AAC Acquisition Company, LLC ("AAC") has acted good faith and is entitled to the protections of Section 363(m) of the Bankruptcy Code.

C. After an auction conducted by Trustee on October 22, 2020, Trustee identified and accepted the final offer of H.K. Global Trading, Ltd. (directly, or through its assignee Ariva International, Ltd., "H.K. Global") as the Winning Bidder. During the Sale Hearing, H.K. Global advised the Court that it will not proceed to consummate its winning bid. Trustee was otherwise ready, willing and able (subject to entry of this Order) to consummate the offer from H.K. Global.

D. Trustee also identified a Back-Up Bid from ACC at such auction, and AAC confirmed at the Sale Hearing that it is prepared to consummate its Back-Up Bid.

Based on the foregoing and the findings and conclusions stated orally in the record, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The notice of the Motion and the hearing thereon is approved as proper and

---

[1] Unless otherwise defined herein, all capitalized terms used as defined terms in this Order shall have the meanings given thereto in the Motion.

adequate under the circumstances.

2. The Motion is granted as set forth herein.

3. Trustee is authorized to sell substantially all of the bankruptcy estate's (the "Estate") assets as more particularly described in section 4 of the Back-Up Bid from AAC in the amount of **$8,912,961.00**[2] and otherwise substantially in accordance with the terms and conditions that are set forth in the Purchase and Sale Agreement between AAC Acquisition Company, LLC and Trustee which is attached to the Motion as Exhibit B(ii) (the "AAC APA"), filed as Docket No. 137, on October 27, 2020. In all events, the specific assets sold by Trustee to AAC shall be herein defined as the "Sale Assets," and AAC as purchaser under the AAC APA shall be herein be defined as the "Buyer."

4. Trustee is authorized to pay the undisputed liens or claims of Wells Fargo Bank, N.A. ("Wells Fargo"), as described in paragraphs 11 and 12 below at "Closing" (as defined in AAC APA) of such sale of the Sale Assets.

5. Subject to paragraph 6, pursuant to Section 363(f) of the Bankruptcy Code, effective upon Closing, such sale of the Sale Assets will vest in the Buyer all right, title and interest of the Debtor and the Estate in the Sale Assets, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

- Wells Fargo Bank, N.A. (perfected security interest in "all assets of Debtor");
- Diageo Brands BV, Diageo North America, Inc., and Diageo Scotland Limited ("Diageo") (unperfected security interest on all Diageo inventory held by Debtor ); and
- Whyte & Mackay (unperfected security interest on 10 cases of Dalmore Highland Single Malt Scotch Whisky—12 Year Old; 300 cases of Fundador Brandy and 900 cases of Glen Stag Scotch Whiskey).

6. Subject to Paragraph 22 below, the Affected Interests shall attach to the proceeds of the sale (the "Sale Proceeds") with the same force, effect, validity and priority that previously existed against the Sale Assets.

7. This Order is and shall be effective as a determination that, upon and subject to the

---

[2] $8,840,000.00 plus $72,961.00 (the total amount of all security deposits held by the landlord of each Assumed Lease (defined in Back-Up Bid)).

occurrence of the Closing, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Sale Assets.

8. Buyer has not assumed any liabilities of the Debtor, other than as described in section 4.3 of the AAC APA.

9. Trustee or her designee is authorized to execute any such releases, termination statements, assignments, consents, withdrawals or instruments on behalf of any third party, including the holders of any liens, claims or interests identified in paragraph 5 of this Order, that are necessary or appropriate to effectuate or consummate the sale of the Sale Assets.

10. In the event that Duty Free Americas, Inc. ("DFA") or Fairn & Swanson Holdings, Inc. ("FS Holdings") fail to perform the promises made prior to and at the auction related to all trademark applications and trademark registrations with regards to marks for "Fairn and Swanson," "Fairn & Swanson" and "Baja Duty Free" including, without limitation, applications for trademark registrations bearing serial numbers 90085380, 90085159 and 90041167 filed with the United States Patent and Trademark Office (the "USPTO") (i.e., the agreement to cause the express and unequivocal abandonment of those applications and registrations with the USPTO and all other applicable jurisdictions and governing authorities within three (3) days after entry of this Order), then Trustee shall and is hereby authorized to seek relief (on motion, order to show cause or other proceeding) to compel such abandonment, determine that such applications are void, and/or seek damages.

11. From the Sale Proceeds Trustee is authorized to retain (the "Retained Sale Proceeds") (a) an amount equal to the "Appeal Reserve" as defined in and subject to the terms of Paragraph 22 below; and (b) an amount equal to the accrued and unpaid "Estate Payment" (as defined in the Pre-Sale Stipulation)[3] at the time of Closing) plus unpaid items in the Budget (defined in the Pre-Sale Stipulation) as may be supplemented from time to time). Subject to Trustee's remittance of the amount described in Paragraph 12 herein, Trustee is authorized use the Retained Sale Proceeds (other than the Appeal Reserve) to pay the following amounts, subject to

---

[3] (Pre-Sale Stipulation, filed as Docket No. 87 on Sept. 15, 2020.)

and in accordance with the Pre-Sale Stipulation:

    (a) All "Pre-Stipulation Accruals" (as defined in the Pre-Sale Stipulation);

    (b) The "Professionals' Carveout" and "Trustee's Carveout" (as defined in the Pre-Sale Stipulation) (both to be paid only following further Court order);

    (c) A sum of five-hundred thousand dollars ($500,000) for distribution to holders of claims other than Wells Fargo (to be held for distribution at the end of the case); and

    (d) All administrative expenses actually incurred by Trustee on or after September 1, 2020, through and including the earliest "Termination Event" (as defined in the Pre-Sale Stipulation and as amended pursuant to Paragraph 14 herein) to the extent contained in the "Budget" (as defined in the Pre-Sale Stipulation and as supplemented from time to time), including but not limited to post-petition rent for the Prologis Premises (as defined herein) until such time that the lease is rejected. For the avoidance of doubt, the Debtor remains obligated to comply with all terms of the lease between the Debtor and Prologis, including the timely payment of rent, as required by section 365 of the Bankruptcy Code until the lease is otherwise assumed or rejected and such compliance is independent of the AAC APA or any other agreement between Trustee, Buyer and/or Wells Fargo.

12. Within one (1) business day after receipt of the Sale Proceeds, Trustee is authorized and directed to remit the Sale Proceeds less only the Retained Sale Proceeds to Wells Fargo pursuant to wire instructions to be specified by Wells Fargo, and Wells Fargo may apply such Sale Proceeds to the outstanding "Postpetition Financing" and the outstanding "WFB Claim" (in such order as Wells Fargo elects) subject to and as such terms are defined in the Pre-Sale Stipulation and the Final Order (defined in the Pre-Sale Stipulation).

13. The Court will promptly hear and determine any disagreement between Trustee and Wells Fargo concerning the reconciliation of the amounts to be paid or retained pursuant to Paragraphs 11 and 12 above.

14. <u>Pre-Sale Stipulation</u>.

    (a) The date referenced in paragraph 8(a)(iv) of the Pre-Sale Stipulation shall be deemed amended to be October 29, 2020.

Case: 20-40990 Doc# 142 Filed: 10/29/20 Entered: 10/29/20 16:07:28 Page 5 of 12

ORDER 5

002644.0031\6043291.1

Wendel Rosen LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

(b) The date referenced in paragraph 8(a)(i) of the Pre-Sale Stipulation shall be deemed amended to strike October 31, 2020, and be replaced with "the date that substantially all obligations of Trustee under the AAC APA (as in effect at the time of its Closing) have been completed or waived or are excused (including, without limitation, excused on account of a material breach by the Buyer of its Post-Closing Obligations (defined in AAC APA) to Trustee)".

(c) A new "Termination Event" under the Pre-Sale Stipulation shall be deemed to have occurred (a) upon written notice from Wells Fargo to Trustee if the Buyer has materially breached the AAC APA by failing to pay rent amounts when due thereunder, or (b) on the fifth (5th) day after written notice from Wells Fargo to Trustee if the Buyer has materially breached the AAC APA in any other regard and has failed to cure that breach.

(d) Wells Fargo shall promptly return Sale Proceeds to Trustee to the extent necessary to pay any amounts in the Budget or to pay "Post-Closing Obligations" (as defined in the AAC APA), in both cases to the extent that Buyer fails or is not required to pay such amounts that are incurred or committed by Trustee prior to a Termination Event. Trustee shall make best efforts to invoice Buyer for payment not less than every two (2) weeks for Post-Closing Obligations, concurrently send Wells Fargo a copy of each such invoice and notify Wells Fargo as soon as reasonably possible after a failure by Buyer to pay any invoiced Post-Closing Obligations. Wells Fargo will also remit to Trustee the Sale Proceeds subject to the interest of Whyte & MacKay (if any) to the extent the Court determines Wells Fargo's interests therein are junior to those of Whyte & MacKay.

(e) Paragraph 8(b) of the Pre-Sale Stipulation shall be deemed amended to insert the following sentence at the end thereof: "Within thirty (30) days after the occurrence of a Termination Event, Trustee will provide Wells Fargo with a final reconciliation of the use Cash Collateral, including Sale Proceeds, and remit to Wells Fargo any amounts then held that are in excess of the Budget or Post-Closing Obligations that have accrued or have been committed to prior to such Termination Event."

(f) Paragraph 6 of the Pre-Sale Stipulation shall be deemed amended to insert the following sentence at the end thereof: "Other than the Retained Sale Proceeds, Trustee shall

promptly remit all Cash Collateral or other proceeds of assets subject to Wells Fargo's Postpetition Liens to Wells Fargo following Trustee's receipt; provided, that, in the case of the good faith deposit from H.K. Global, Trustee shall not be required to remit such amounts to Wells Fargo until further order of court or agreement of the parties."

15. Trustee is hereby authorized to execute the AAC APA (including, without limitation, immaterial amendments or modifications thereto), or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale authorized hereby.

16. Except as otherwise provided in the Motion and the AAC APA, the Sale Assets shall be sold, transferred, and delivered to Buyer on an "as is, where is" or "with all faults" basis.

17. AAC is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and ACC as Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

18. This Order shall be effective immediately upon entry. No automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, or Bankruptcy Rules 6004(h) or 6006(d), applies with respect to this Order.

19. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Sale Assets to the Buyer, (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Sale Assets.

20. The AAC APA and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Estate or Wells Fargo.

21. <u>Assumption and Assignment of Unexpired Leases:</u> With respect to the request to assume and assign the unexpired leases identified in Schedule 4.1.7 (Designated Leases) of the

AAC APA:

    (a) Subject to paragraph 21(c) below, the requirements of section 365 are satisfied;

    (b) The Cure Amounts (defined in AAC APA) listed on Schedule **5.1** of the applicable AAC APA are accurate through October 26, 2020 (per diem to accrue for any day after October 26, 2020), and any payment of the Cure Amounts by Trustee on any lease that is assigned to Buyer shall be reimbursed to Trustee by Buyer on or before the applicable "Assumption and Assignment Date" (as defined in AAC APA). ;

    (c) Conditioned upon the occurrence of the applicable Assumption and Assignment Date (as defined in the AAC APA) and without further Court order, Trustee is authorized to assume and assign to Buyer the unexpired leases identified in Schedule 4.1.7 of the AAC APA provided that:

    **(i)** Trustee shall provide the landlord of each respective location to be assumed and assigned ten (10) business days advance notice of the assumption and assignment of the lease to provide the landlord the opportunity to assert any additional cure amounts.

    **(ii)** If landlord does not object within such ten (10) business day period, landlord will be barred from asserting and will be deemed to have waived any additional cure amounts with respect to such leased premises and Trustee may assume and assign such lease to Buyer.

    **(iii)** If landlord objects to the assignment or desires to assert any additional cure amount and parties are unable to agree on the additional cure amount, the parties shall be entitled to set a hearing to consider such matters on no less than five (5) business days' notice.

    **(iv)** Any cure amount shall be paid to the respective landlord contemporaneously with the assumption and assignment.

22. <u>Diageo Objection</u>. The objection to the sale filed by Diageo Brands NV, Diageo North America, Inc. and Diageo Scotland Limited (collectively, "Diageo") is resolved on the following terms:

Wendel Rosen LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

(a) From the Sale Proceeds, $1,500,000.00 will be segregated and held by Trustee and not used other than as expressly set forth in this Paragraph 22 (the "Appeal Reserve").

(b) The liens, claims and other interests of Trustee, Diageo and Wells Fargo (including, without limitation, as asserted by the parties in Adversary Proceeding 20-04304 in this case (the "Adversary Proceeding")) will attach to the Appeal Reserve with the same extent, validity and priority as existed with respect to the Sale Assets. The Appeal Reserve shall not be subject to claims under Section 506(c) of the Bankruptcy Code nor charged for any costs of administration of the Estate.

(c) Subject to preservation and non-waiver of all of Diageo's rights in the Adversary Proceeding and its appeal of this Court's order in the Adversary Proceeding (Docket No. 29, the "Adversary Judgment"), Diageo does not oppose the Motion or the sale of "Diageo Product" (as used in the Adversary Proceeding) by Trustee to the Buyer, and Diageo will not seek to stay such sale pending its appeal of the Adversary Judgment.

(d) Wells Fargo and Diageo each agree that for satisfaction of their respective rights, claims and interests in the Diageo Product as asserted in the Adversary Proceeding, each shall seek recovery solely from the Appeal Reserve; provided, that the foregoing shall not prejudice Trustee's or Wells Fargo's rights to the other Sale Proceeds (i.e., other than the Appeal Reserve) as set forth elsewhere in this Order.

(e) The sale of the Diageo Products by Trustee pursuant to this Order and Buyer's subsequent use of such goods will be afforded the protection of the "first sale doctrine" as referenced in the Adversary Judgment.

(f) To the extent the relief in this Paragraph 22 conflicts with the Pre-Sale Stipulation, this Order shall control.

(g) Within two (2) business days after receipt of an "Appeal Resolution Instruction" (defined below), Trustee will remit all or portion(s) of the Appeal Reserve as set forth in such Appeal Resolution Instruction. For purposes hereof, an Appeal Resolution Instruction shall mean a final and non-appealable order from a court of competent jurisdiction determining the matters addressed by the Adversary Judgment, or a written instruction signed by both Wells Fargo

and Diageo regarding a compromise of their respective interests in the Appeal Reserve.

23. Nothing contained herein shall prevent Trustee and Buyer from assuming and assigning any executory contract not addressed herein (provided any cure amount is payable by Buyer), upon notice to the non-debtor contracting party and an opportunity for a hearing thereon.

24. Buyer shall not remove or damage any property not purchased by it under the AAC APA and, in this regard, shall cooperate with the landlords of Debtor's premises to identify and safeguard such landlord's property while Buyer is removing the Sale Assets from Debtor's premises.

25. In order to facilitate such cooperation and to allow Prologis, L.P. ("Prologis") as the Debtor's landlord in the building located at 701 NW 33rd Street Building 300, Suite 150, Pompano Beach, Florida (the "Prologis Premises"), to market the Prologis Premises and mitigate its damages resulting from rejection of the lease with Debtor, Trustee shall consent to and cooperate with these efforts and arrange for supervised access. Any such access shall be provided at mutually acceptable times, during normal business hours, in compliance with applicable customs regulations, the terms of the lease and be arranged to avoid interference with consummation of Buyer's access and removal of assets pursuant to the AAC APA.

26. Nonresidential real property leases for Non-Assumed Locations are not affected by this Order, the AAC APA, or any other agreement between the Trustee, Buyer and/or Wells Fargo, and each leases shall remain in full force and effect until such time that it are otherwise assumed or rejected in accordance with section 365 of the Bankruptcy Code, including but not limited to provisions related to payment of rent for the Prologis Premises.

**APPROVED AS TO FORM:**

GOLDBERG KOHN LTD.

*By:* /s/ Jeremy M. Downs
Jeremy M. Downs
Attorneys for Wells Fargo Bank, National Association

FAEGRE DRINKER BIDDLE & REATH LLP

By: /s/ Marita S. Erbeck
 Marita S. Erbeck
 Attorneys for Prologis


PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ John Fiero
 John Fiero
 Attorneys for AAC Acquisition Company, LLC


ROCHELLE MCCULLOUGH, LLP

By: /s/ Andrew E. Jillson
 Andrew E. Jillson
 Attorneys for Diageo Brands BV, Diageo
 North America, Inc., and Diageo Scotland Limited

**END OF ORDER**

**COURT SERVICE LIST**

No service required.