UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>FAIRN & SWANSON, INC.<br><br>Debtor. | Case No. 20-40990-RLE<br><br>Chapter 7<br><br>**NOTICE AND OPPORTUNITY FOR HEARING ON MOTION FOR ORDER APPROVING COMPROMISE WITH H.K. GLOBAL TRADING, LTD.** |

**TO: CREDITORS, PARTIES REQUESTING SPECIAL NOTICE, THE U.S. TRUSTEE, THE DEBTOR AND INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** Lois I. Brady ("Brady"), the chapter 7 trustee for the bankruptcy estate of above-captioned debtor ("Debtor"), has filed a motion under Bankruptcy Rule 9019 (the "Motion") for an order approving her compromise with H.K. Global Trading, Ltd ("**HK Global**") and Wells Fargo Bank, National Association ("**Lender**") concerning a good faith deposit of $100,000 (the "**Auction Deposit**") made by HK Global and held by the Trustee. The Motion seeks Court approval of an Auction Deposit Agreement ("**Agreement**") signed by the parties and filed on even date, and is based on the facts and merits summarized below.

### The Compromise Terms

Under the proposed compromise, the Trustee shall remit by wire transfer(a) $80,000 of the Auction Deposit to Lender (to an account specified by Lender), which amount shall be applied to reduce Lender's prepetition claim against Debtor and (b) $20,000 of the Auction Deposit to HK Global (to an account specified by HK Global), which amount shall be applied to HK Global's claim for return of the full Auction Deposit. Upon receipt of the payments described avoid, the mutual releases set out in the Agreement shall be effective and enforceable in accordance with their terms.

### Factual Background and Merits of the Compromise

On October 13, 2020, the Court entered its Final Order Granting Motion for Order [1] Approving Pre-Sale Agreement, [2] Authorizing Chapter 7 Trustee to Incur Post-Petition Debt on an Emergency Basis, [3] Authorizing Chapter 7 Trustee to Execute And Pay Deposit to Secure Custodial Surety Bond and [4] Approving Secured Party's Carve-Out to the Estate (Docket No. 113, "**Final DIP Order**"). In pertinent part, the Final Order allowed Lender's prepetition secured claim and granted Lender postpetition liens to secure its $1.25 million postpetition loan to Trustee. In addition, the Court granted replacement liens to Lender on account of the Trustee's use of cash collateral during this case (Docket No. 59, the "**Final Cash**

**Collateral Order**"). With Lender's consent, the Trustee conducted an auction on October 21, 2020, to sell substantially all assets of the Debtor in connection with her motion to sell substantially all of the assets of Debtor (Docket No. 107, the "**Sale Motion**"). HK Global made the Auction Deposit to participate in the auction. On October 26 and 28, 2020, the Court held hearings on the Sale Motion. HK Global was the winning bidder at the auction; however, HK Global withdrew its final bid prior to the Sale Hearing. On October 29, 2020, the Court entered an order approving the sale to the backup bidder (Docket No. 142, the "**Sale Order**").

HK Global, the Trustee and Lender disagree as to HK Global's right to the return of the Auction Deposit. Trustee and Lender contend that any such claims of Trustee against HK Global would be subject to Lender's replacement liens and postpetition liens confirmed by the Sale Order. For this reason, Trustee and Lender contend that Lender is the beneficiary of all claims against HK Global relating to the sale and the Auction Deposit. The parties agreed to resolve the competing claims to the Auction Deposit to avoid the time and expense of litigation concerning this dispute.

As set out in the Agreement, in settlement of all claims relating to the sale and the Auction Deposit, the Trustee shall remit by wire transfer(a) $80,000 of the Auction Deposit to Lender (to an account specified by Lender), which amount shall be applied to reduce Lender's prepetition claim against Debtor and (b) $20,000 of the Auction Deposit to HK Global (to an account specified by HK Global), which amount shall satisfy HK Global's claim to the Auction Deposit. After receipt by HK Global and Lender of their respective portions off the Auction Deposit, the mutual releases relating to the sale and the Auction Deposit set out in the Agreement shall be effective and enforceable without further action by any party.

The Trustee submits that the proposed compromise is fair and equitable and in the best interests of creditors and the estate under the factors for approval of compromises set forth in *In re A&C Properties*, 784 F.2d 1377 (9th Cir. 1986), *cert denied*, 479 U.S. 854 (1986), to wit: a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. The probability of success in establishing damages in excess of the Auction Deposit is uncertain and the proposed allocation of the Auction Deposit reflects the strength of the Trustee's claims relating to Auction Deposit considering the costs of pursuing this claim to judgment. Litigation is likely to be expensive, with uncertain result, and cause substantial delay. The creditor most affected by the compromise is Lender, which holds a duly perfected security interest in all assets of the Debtor, and it consents to the compromise. The Trustee submits that in consideration of these factors, the proposed compromise to settle the claims relating to the Auction Deposit and the sale are fair and reasonable.

## Procedure to Object and Request a Hearing

**PLEASE TAKE FURTHER NOTICE** that this matter is governed by Bankruptcy Local Rule 9014-1(b)(3), which states:

*Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating (undersigned) party within twenty-one (21) days of mailing the notice (i.e. by January 5, 2021;*

*Any objection or a request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position*;

*If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default;*

*The initiating party will give at least seven (7) days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.*

Any objection or request for hearing must be served on the undersigned and filed with the Clerk of the United States Bankruptcy Court, Northern District of California, Oakland Division, 1300 Clay Street, Room 300, Oakland, CA 94612, or in the case via Pacer.

**PLEASE TAKE FURTHER NOTICE** that the Motion and the Agreement are filed and may be obtained from the Bankruptcy Court Clerk, through Pacer at https://ecf.canb.uscourts.gov/, or upon request from the undersigned.

Dated: December 15, 2020
[Date of Mailing]

/s/ Mark S. Bostick
Mark S. Bostick (Bar No. 111241)
Lisa Lenherr (Bar No. 258091)
WENDEL ROSEN LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036
Tel: (510) 834-6600
Email: mbostick@wendel.com
Email: llenherr@wendel.com
Attorneys for Lois I. Brady, Trustee